UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILL M. CHAPMAN, JR. and ) | |
| LISA B. CHAPMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-693 |
| ) | Judge Aleta A. Trauger |
| J.P. MORGAN CHASE BANK, N.A. and ) | |
| SPECIALIZED LOAN SERVICING, LCC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Pending before the court are the following two motions: 1) the defendants' Motion to Dismiss Amended Complaint (Docket No. 18), to which the plaintiffs have filed a Response in Opposition (Docket No. 29), and the defendants have filed a Reply (Docket No. 33); and 2) the plaintiffs' Expedited Motion as an Application for Temporary Restraining Order (Docket No. 20), to which the defendants have filed a Response in Opposition (Docket No. 24), and the plaintiffs have filed a Reply (Docket No. 28). For the reasons discussed herein, the defendants' Motion to Dismiss is granted and the plaintiffs' Expedited Motion as an Application for Temporary Restraining Order is denied as moot.

## BACKGROUND & PROCEDURAL HISTORY

The plaintiffs, Bill M. Chapman, Jr. and Lisa M. Chapman, reside at 6336 Waterford Drive, Brentwood TN 37027 (the "Property"). In 2006, they took out a loan with Regions Bank d/b/a AmSouth Bank ("Regions") that was secured by the Property (the "Loan").[1] On February

---

[1] In a prior action in the Middle District of Tennessee (discussed below) the plaintiffs referred to the Loan as a mortgage loan to purchase the Property while, in the instant action, they refer to it

1

10, 2010, the Loan was assigned to the defendant J.P. Morgan Chase Bank, N.A. ("Chase"). It is undisputed that the plaintiffs have defaulted on the Loan. This litigation is the latest in a series of actions brought by the plaintiffs in an attempt to prevent foreclosure on the Property by Chase.

On June 19, 2012, the plaintiffs filed their first action in the Middle District of Tennessee (Complaint, *Chapman v. JP Morgan Chase Bank*, 2013 WL 5375284 (M.D. Tenn. Sept. 25, 2013) (No. 3:12-00623), Docket No. 1), which they updated on September 14, 2012 with the filing of a First Amended Complaint in that action (i*d*. at Docket No. 26). In that lawsuit, the plaintiffs brought claims against Chase and other defendants, seeking to enjoin the foreclosure of the Property on the grounds that "the true holder of the Promissory Note is unclear," among other causes of action. (*Id*. at p. 6) Specifically, the First Amended Complaint in that action alleged that there was a conflict of interest invalidating an assignment of interest in the Deed of Trust and that the Promissory Note had been sold to an unidentified public security. The district court granted summary judgment in favor of the defendants, finding that the Deed of Trust executed in connection with the Loan "was conveyed from Regions Bank to Chase Home Finance, to JP Morgan Chase Bank, to U.S. Bank as Trustee for the Trust," with Chase as the servicer for the plaintiffs' loan. *Chapman*, 2013 WL 5375284, at *2. The "Trust" is explicitly defined in the opinion as J.P. Morgan Mortgage Trust 2007-S1. *Id*. The district court opinion, issued by Judge Campbell, stated that the plaintiffs "have not shown a genuine issue of material fact as to Defendants' authority to collect on this Note or enforce this Deed of Trust" and that the defendants had "proper authority to foreclose on this defaulted loan." *Id*.

---

as a refinance loan. The instant complaint acknowledges, however, that it is the same 2006 loan from Regions on which the plaintiffs defaulted, leading to foreclosure proceedings on the Property, that is at issue in both matters. It is not necessary to resolve the precise nature of the Loan in order to resolve the issues currently before court.

The Sixth Circuit subsequently affirmed the trial court decision, after noting that the plaintiffs had raised new arguments on appeal regarding the validity of the transfers of the interests in the Deed of Trust and Promissory Note attached to the Loan. *Chapman v. J.P. Morgan Chase Bank*, No. 13-6562 (6th Cir. Feb. 2, 2015). The Sixth Circuit's opinion held: 1) the plaintiffs did not dispute their default on the Loan or the enforceability of the initial Deed of Trust on the Property that accompanied the Loan; 2) the plaintiffs did not raise a dispute about the defendants' right to collect on the Promissory Note attached to the Loan; 3) under Tennessee law, "a deed of trust is inseparable from the note and automatically flows from the transfer of the note;" and 4) the plaintiffs, therefore, did not establish any genuine dispute about the defendants' entitlement to foreclose on the Loan. *Id*.

On May 26, 2015, the plaintiffs filed a lawsuit in the Chancery Court of Williamson County, Tennessee against Chase and other defendants, seeking an injunction to prevent foreclosure on the Property on the grounds that the defendants did not have proper authority to foreclose.[2] (Docket No. 19-4.) According to the defendants, on June 12, 2015, they filed a Motion to Dismiss the Chancery Court action on the grounds of *res judicata,* and, on June 15, 2015, the plaintiffs filed a voluntary dismissal of the suit, which was entered on June 26, 2015.[3] (See Docket No. 19, at p. 4.)

---

[2] The arguments in the state court action appear to be slightly different from those raised in the prior federal court proceeding and in the instant lawsuit, and the named defendants appear to have changed based on who was servicing the loan at that time, but the action in state court generally asserted that the defendants – including Chase – did not have a valid Promissory Note on the Loan.

[3] The actual Chancery Court filings for the Motion to Dismiss and voluntary dismissal do not appear to be in the record for this action, but the plaintiffs do not dispute the defendants' account.

On June 23, 2015, the plaintiffs commenced the instant action, again in this district, against Chase and Specialized Loan Servicing, LLC ("SLS").[4] (Docket No. 1.)

On June 24, 2015, Chase foreclosed on the Property.

On July 30, 2015, the plaintiffs filed an Amended Complaint for Wrongful Foreclosure, for Temporary Restraining Order and Temporary Injunction (the "Amended Complaint"),[5] alleging that Chase's foreclosure was conducted "pursuant to a void deed of trust" (Docket No. 14 ¶ 32); bringing causes of action for violating the disclosure requirements of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 of the Truth In Lending Act, failing to honor the plaintiffs' notice of rescission, wrongful foreclosure, and quiet title; and seeking injunctive relief to vacate the foreclosure and enjoin the defendants from removing the plaintiffs from the Property. (Docket No. 14.) Specifically, the Amended Complaint alleges that, at the time the Loan was originated, the plaintiffs were not given the statutorily required notification of their right to rescind and were not told the identity of their lender until May 27, 2015.[6] Accordingly, the plaintiffs assert that

---

[4] It appears from the record that, as of May 1, 2015, SLS is the servicer of the Loan on behalf of Chase. The creditor remains – as it was at the time the prior Middle District of Tennessee case was decided – U.S. Bank National Association, as trustee for J.P. Morgan Mortgage Trust 2007-S1. (See Docket No. 21-1 (May 27, 2015 letter from SLS to the plaintiffs)).

[5] The defendants had previously filed a Motion to Dismiss on July 10, 2015 (Docket No. 8) that was rendered moot by the filing of the Amended Complaint (Docket No. 16).

[6] The plaintiffs allege that Regions misrepresented its role in the transaction at the time the Loan was originated, putting itself out as the lender, when it was only an intermediary and the funding of the loan came from another source. The plaintiffs further allege that they were not told the identity of their true lender until May 27, 2015, when SLS sent them a letter indicating that their creditor is U.S. Bank National Association as trustee for J.P. Mortgage Trust 2007-S1. The plaintiffs take the position that this trust was the lender "from the inception of the loan." (*See* Docket No. 21 at p. 3 (Plaintiffs' Memorandum in Support of Their Expedited Motion as an Application for Temporary Restraining Order).) The plaintiffs do not acknowledge, however, that the district court held in 2012 that the loan had been validly assigned to this same trust. *See*

they had the right to rescind the Loan within three years of May 27, 2015, the date on which they allege they learned the true identify of their lender, and that they did effectively rescind on May 28, 2015 by sending a letter to that effect to the defendants.[7] (Docket No. 21-1.) The plaintiffs agrue that, because the defendants did not file an action to contest the rescission,[8] the letter voided the defendants' interests in the Loan.

On August 5, 2015, the defendants filed the pending Motion to Dismiss Amended Complaint (Docket No. 18), along with a Memorandum in Support (Docket No. 19). On August 20, 2015, the plaintiffs filed a Response in Opposition (Docket No. 29), and on September 9, 2015 – with leave of court – the defendants filed a Reply (Docket No. 33).

Meanwhile, on August 9, 2015, the plaintiffs filed an Expedited Motion as an Application for Temporary Restraining Order (Docket No. 20), along with a Memorandum in Support (Docket No. 21), to enjoin the defendants from continuing proceedings to evict the plaintiffs from the Property[9] pursuant to the foreclosure that the plaintiffs seek to vacate in this action.[10]

---

*Chapman*, 2013 WL 5375284 at *2. Nor do the plaintiffs acknowledge that the May 27, 2015 letter from SLS also expressly lists Regions as the "original creditor." (*See* Docket No. 21-1.)

[7] The letter is dated May 27, 2015 but the plaintiffs allege that it was mailed on May 28, 2015.

[8] In their Memorandum in support of their Motion to Dismiss the first complaint in this action, the defendants deny the plaintiffs' allegation that they did not respond to the plaintiffs' letter of rescission and instead aver that, on June 9, 2015, Chase responded to the plaintiffs, disputing their right to rescind the Loan. (Docket No. 9 at p. 5.) This fact was not raised by either party in the currently pending briefing, and the letter does not appear to be in the record. This fact is, in any event, not pertinent to the court's analysis because, as discussed below, even if the defendants did not respond at all to the plaintiffs' letter of rescission, the rescission cannot provide a basis for vacating the foreclosure in light of the previous litigation related to the Loan.

[9] On July 22, 2015, a civil summons was issued for the plaintiffs to appear before the General Sessions Court of Williamson County, Tennessee on August 17, 2015 to answer in a civil action filed by SLS for unlawful detainer and possession of the Property. (Docket No. 21-4.)

On August 12, 2015, the defendants filed a Response in Opposition (Docket No. 24) and on August 17, 2015 – with leave of court – the plaintiffs filed a Reply (Docket No. 28).

## ANALYSIS

The Sixth Circuit "has described *res judicata* as 'extinguish[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007) (internal quotation marks omitted) (quoting *Walker v. General Tel. Co.*, 25 Fed. App'x 332, 336 (6th Cir. 2001)). Under federal law, the elements of res judicata are: "1) that there is a final decision on the merits of the first action by a court of competent jurisdiction; 2) the second action involves the same parties, or their privies, as the first; 3) the second action raises an issue actually litigated or which *should have been litigated* in the first action; and 4) there is identity of claims." *Id*. at 650, n.4 (emphasis added) (internal

---

According to the status report filed by the defendants on November 10, 2015, the General Sessions Court conducted a detainer hearing on September 14, 2015 and awarded possession of the Property to SLS. (Docket No. 34 at ¶ 6.) On September 21, 2015, the plaintiffs filed a Petition for Writ of Certiorari and Writ of Supersedeas in the Circuit Court of Williamson County, Tennessee in order to prevent eviction (Docket No. 34-1). A Writ of Supersedeas was granted by the Circuit Court on the same day, staying the defendants' ability to put into effect any judgment for possession or writ of possession on the Property pending the Circuit Court's review (and pursuant to bond payments by the plaintiffs to be set by hearing) (Docket No. 34-2). On October 5, 2015, the plaintiffs filed a motion for Summary Judgment in that action (Docket No. 34-4), which the Circuit Court of Williamson County, on October 21, 2015, has stayed until this court rules on the instant motions (Docket No. 34-5).

[10] At the time this action was filed, the plaintiffs sought a temporary restraining order ("TRO") to enjoin the defendants from foreclosing on the Property, which was denied summarily by Judge Sharp on June 23, 2015. (The docket contains a Minute Entry from this proceeding but no order has yet been entered.) The plaintiffs argue that the denial of the initial request for a TRO was based on procedural grounds, not on the merits and, therefore, does not bar the currently pending application.

6

quotation marks omitted). Identity of claims means "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Walker*, 25 F. App'x at 336 (quoting S*anders Confectionary Prod, Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)).

While the claims in this action may be slightly different from those brought in the prior action in this district, the two lawsuits involve the same parties and the same identify of claims, which are the facts surrounding the validity of the origination of, and transfer of interest in, the Loan. Both actions seek primarily to either prevent or vacate the defendants' foreclosure on the Property based on challenges to the enforceability of the defendants' interest in the Loan. In bringing this action, the plaintiffs are essentially asking the court to overturn this district's prior ruling that the Promissory Note and Deed of Trust attached to the Loan have been validly transferred to the defendants and that foreclosure on the Property by the defendants is, therefore, proper. The prior decision, which held that the defendants' interest in the Loan was valid and that they, therefore, had a right to foreclose, was a final decision on the merits, as it was a decision on summary judgment by the district court that was affirmed by the Sixth Circuit. It is therefore plain, and warrants no further discussion, that the first, second, and fourth elements of this circuit's *res judicata* test are met.

It is also clear that the issues before the court in this current action either were litigated in the prior action or should have been. The plaintiffs expressly alleged in the pleadings in the prior action that the identity of the lender was unknown, though it is unclear if they pursued the argument that the identity of the lender at the time of origination was unknown, or if they argued only that the identity of their present creditor was unknown. In either case, it was central to the findings in the prior action to establish the chain of creditors, and any argument that there were

7

misrepresentations as to the original lender should have been raised at that time. The plaintiffs now argue that the Loan was not consummated until May 27, 2015, because they were not told the true identity of their lender until that date.[11] They also argue – seemingly for the first time -- that they were not given the required disclosures under the Truth In Lending Act regarding their right to rescind the Loan, though this is clearly an argument that could have, and should have, been made in the prior action as part of assessing the validity of the defendants' interest in the Loan.[12] Finally, the plaintiffs now argue that the Truth In Lending Act provides a three-year period for them to rescind that began running on May 27, 2015 and that they effectively exercised this right.[13] Thus, the plaintiffs effectively argue that this court should not consider the

---

[11] This argument is nonsensical in light of that fact that the district court has already held that the Loan was valid and traced the transfers of interest in the Loan from the original lender through to the defendants. As noted above, the plaintiffs did not even contest the validity of the defendants' rights in the Promissory Note in that prior action. To the extent that they wish to argue that there was a lack of information given to them at the time the Loan was originated, the time to raise this argument was during the prior action before the district court. To the extent they are barred by *res judicata* from raising this argument before the court now, they are equally estopped from asking this court to overturn its prior opinion based on a letter of rescission that the plaintiffs argue is valid because they assert that they did not know the identity of their lender until May 27, 2015. Moreover, the very evidence the plaintiffs cite as proof that they were not told the identify of their lender until May 27, 2015 – the May 27, 2015 letter from SLS to the plaintiffs (Docket No. 21-1) – actually indicates the exact opposite. The original lender was Regions Bank, with whom plaintiff knowingly entered into the transaction for the Loan in 2006 and whom the plaintiffs aver – even in this action – the plaintiffs believed to be the lender at that time.

[12] Again, if the plaintiffs had a genuine grievance with the disclosures made at the time the Loan was originated such that they believed the Loan to be subject to valid rescission, the time to bring forth that argument was in the prior litigation, in which they had an opportunity to conduct full discovery.

[13] The court notes that, while the Truth In Lending Act does require a lender to notify a borrower of its right to rescind a loan within three days of the loan's consummation and also generally provides for rescission of a loan within three years of consummation when the lender did not provide this disclosure, these provisions do not apply to residential mortgage loans. 15 U.S.C. §

prior rulings related to the Loan that were made before the Loan was rescinded. The plaintiffs insist that this current action is not an action to enforce the rescission (arguing that the rescission is automatically operative) but, rather, is an action to vacate the foreclosure in light of the rescission. What the plaintiffs overlook, however, is that in order for the court to vacate the foreclosure based on this rescission, the court would have to enforce the validity of the rescission, which would require a finding that the plaintiffs are correct in their claims that the disclosure requirements of the Truth In Lending Act were violated and that the identity of the lender was not known at the time the loan was originated. These are matters that have already been, or should have been, subject to judicial review. The time to have raised any right to rescind based on an underlying lack of knowledge about the true creditor was in the prior action.

Without even addressing the propriety of any actions taken by the plaintiffs in an attempt to rescind the Loan at this time, the court cannot entertain the plaintiffs' claims because they are clearly precluded by the doctrine of *res judicata*.

## **CONCLUSION**

For the foregoing reasons, the defendant's Motion to Dismiss is **GRANTED**. The plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**. Accordingly, the Plaintiffs' Expedited Motion as an Application for Temporary Restraining Order is hereby **DENIED AS MOOT**.

---

1635(e); 12 C.F.R. § 226.23(f); *Barrett v. J.P. Morgan Chase Bank, N.A.*, 445 F.3d 874, 879 (6th Cir. 2010). Accordingly, it appears that this right of rescission does not apply to the Loan, which the plaintiffs referenced as a mortgage loan in prior litigation before this district. It appears that the plaintiffs have, without explanation, now re-characterized the Loan as a refinance loan in order to justify their reliance in this action on what they assert was a valid rescission. However, the doctrine of *res judicata* again precludes the court from reopening a factual question that was already resolved on summary judgment in a prior action in this court.

Entry of this Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 23rd day of November 2015.

_____
ALETA A. TRAUGER
United States District Judge